## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TECO GUATEMALA HOLDINGS, LLC,<br>    702 North Franklin Street<br>    Tampa, FL 33602<br>    U.S.A.<br><br><br>                      Petitioner,<br><br>             v.<br><br>REPUBLIC OF GUATEMALA,<br>    Ministro de Economía<br>    8a Avenida 10-43 zona 1<br>    Ciudad de Guatemala<br>    Guatemala<br><br>    Procuradora General de la Nación<br>    15 Avenida 9-69 Zona 13<br>    Ciudad de Guatemala<br>    Guatemala<br><br>                      Respondent. | Case No. 17-102 |

## PETITION TO CONFIRM ARBITRAL AWARD

Petitioner TECO Guatemala Holdings, LLC ("TGH"), by and through its attorneys White & Case LLP, submits as follows:

## NATURE OF THE PROCEEDING AND RELIEF SOUGHT

1.      Petitioner is commencing this proceeding to confirm an international arbitration award (the "Award") rendered in its favor on December 19, 2013, in *TECO Guatemala Holdings, LLC v. Republic of Guatemala,* ICSID Case No. ARB/10/23, an international arbitration proceeding before the International Centre for Settlement of Investment Disputes ("ICSID")  (the "Arbitration"), as modified by a subsequent decision on annulment rendered in

the arbitration proceeding on April 5, 2016 (the "Annulment Decision," and, together, the "Final Award"), pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"). Certified copies of the Award and the Annulment Decision are attached as Exhibits 1 and 2, respectively, to the Declaration of Andrea J. Menaker ("Menaker Declaration"), attached hereto.

## PARTIES, JURISDICTION, AND VENUE

2.      Petitioner TGH is a company incorporated under the laws of the State of Delaware, and a subsidiary of TECO Energy, Inc., a company incorporated under the laws of the State of Florida.

3.      The Republic of Guatemala ("Guatemala") is a "foreign state" for purposes of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603.

4.      This Court has personal jurisdiction over Guatemala pursuant to 28 U.S.C. § 1330(b), which provides that this Court can exercise personal jurisdiction over a foreign state in an action with respect to which the foreign state is not entitled to sovereign immunity under 28 U.S.C. §§ 1605-1607.

5.      Guatemala is not entitled to sovereign immunity under 28 U.S.C. § 1605, because this case falls under the exception for cases brought to confirm arbitral awards that "are or may be governed by a treaty or other international agreement in force in the United States calling for the recognition and enforcement of arbitral awards."  28 U.S.C. §1605(a)(6).

6.      Specifically, the Final Award is governed by the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"), to which the United States is a party, and which provides that "[e]ach Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary

obligations imposed by that award within its territories as if it were a final judgment of a court in that State." ICSID Convention, art. 54(1). The ICSID Convention also provides that the provisions of ICSID Convention, art. 54 "shall apply *mutatis mutandis* to proceedings before the Committee," in other words, to decisions on annulment rendered by ICSID *ad hoc* committees, such as the Annulment Decision. ICSID Convention, art. 52(4). In addition, the Final Award is governed by the Dominican Republic-Central America Free Trade Agreement ("DR-CAFTA"), to which the United States is a party, and which provides that "[e]ach Party shall provide for the enforcement of an award in its territory." DR-CAFTA, art. 10.26.7.

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and pursuant to Article 54 of the ICSID Convention, which, as noted above, directs contracting states to recognize ICSID arbitral awards and enforce pecuniary obligations imposed thereunder as if they were "a final judgment of a court in that State." The United States is a contracting state to the ICSID Convention and has adopted implementing legislation to give full faith and credit to arbitral awards rendered under the ICSID Convention. *See* 22 U.S.C. § 1650a(a). Guatemala also is a party to the ICSID Convention. *See* ICSID, List of Contracting States and Other Signatories of the Convention (indicating that Guatemala signed the ICSID Convention on November 9, 1995 and that the ICSID Convention entered into force for Guatemala on February 20, 2003), available at https://icsid.worldbank.org/en/Pages/about/Database-of-Member-States.aspx. In the United States, the federal district courts have exclusive jurisdiction over actions to enforce ICSID arbitral awards. 22 U.S.C. § 1650a(b).

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

## FACTS

### The Parties' Agreement

9.      Guatemala announced the privatization of Empresa Eléctrica de Guatemala, S.A. ("EEGSA"), the largest electricity distribution company in the country, in December 1997. TECO Energy participated in the international public offering through its subsidiary, TPS de Ultramar Guatemala, S.A. ("TPS"), in a consortium with Iberdrola Energía, S.A. and Electricidade de Portugal, S.A. (collectively, the "Consortium").

10.      The Consortium formed Distribución Eléctrica Centroamérica, S.A. ("DECA I"), an investment company incorporated under the laws of Guatemala, of which TPS held 21 percent.  DECA I was awarded the bid for EEGSA on July 30, 1998, and the closing took place on September 11, 1998.   After DECA I merged with EEGSA in 1999, the Consortium incorporated DECA II under the laws of Guatemala to be the holding company.  Through DECA I and DECA II, the Consortium maintained an approximate 81 percent controlling interest in EEGSA from 1998 until the sale of DECA II in October 2010.

11.      In 2005, TECO Energy was restructured, and TPS's shares in DECA II were transferred to Petitioner, TGH.

12.      Guatemala's National Electric Energy Commission (the "CNEE") publishes the electricity rates for EEGSA and other distribution companies, in accordance with Guatemala's General Electricity Law and Regulations.  The rates incorporate, among several components, a Value Added for Distribution ("VAD"), through which distributors are compensated for operating expenses and infrastructure, and are provided a fair return on their investments.  The VAD is recalculated every five years, after each distributor has submitted an independent study on relevant VAD components, and the CNEE has reviewed the study.

13.     The CNEE's VAD review process for the 2008-2013 tariff period was the subject matter of the arbitration brought by TGH against Guatemala for Guatemala's violation of Article 10.5 of the DR-CAFTA, which resulted in the Final Award that is the subject of this Petition.

14.     TGH argued that the VAD review process was arbitrary, unlawful, denied TGH due process, was inconsistent with the principles set out in Guatemala's General Electricity Law and Regulations, and thus violated Guatemala's obligation under Article 10.5 of the DR-CAFTA to afford protected investments fair and equitable treatment.  When the VAD for that tariff period took effect, EEGSA's financial performance deteriorated significantly.  EEGSA suffered cash flow losses, and DECA II eventually was sold at a depreciated value to Empresas Públicas de Medellín E.S.P. ("EPM") in October 2010.

15.     The DR-CAFTA includes a dispute resolution clause providing for arbitration under the ICSID Convention and the ICSID Rules of Procedure for Arbitration Proceedings (the "ICSID Arbitration Rules").

Article 10.15 of the DR-CAFTA provides:

> In the event of an investment dispute, the claimant and the respondent should initially seek to resolve the dispute through consultation and negotiation, which may include the use of non-binding, third-party procedures such as conciliation and mediation.

Article 10.16 of the DR-CAFTA provides:

> 1.  In the event that a disputing party considers that an investment dispute cannot be settled by consultation and negotiation:
>     (a) the claimant, on its own behalf, may submit to arbitration under this Section a claim
>         (i)    that the respondent has breached
>                (A) an obligation under Section A,
>                (B) an investment authorization, or
>                (C) an investment agreement;
>         and
>         (ii)   that the claimant has incurred loss or damage by reason of, or arising out of, that breach; and

(b) the claimant, on behalf of an enterprise of the respondent that is a juridical person that the claimant owns or controls directly or indirectly, may submit to arbitration under this Section a claim

    (i)    that the respondent has breached

        (A) an obligation under Section A,

        (B) an investment authorization, or

        (C) an investment agreement;

    and

    (ii)    that the enterprise has incurred loss or damage by reason of, or arising out of, that breach.

2. At least 90 days before submitting any claim to arbitration under this Section, a claimant shall deliver to the respondent a written notice of its intention to submit the claim to arbitration ("notice of intent").

3. Provided that six months have elapsed since the events giving rise to the claim, a claimant may submit a claim referred to in paragraph 1:

    (a) under the ICSID Convention and the ICSID Rules of Procedures for Arbitration Proceedings, provided that both the respondent and the Party of the claimant are parties to the ICSID Convention;

    (b) under the ICSID Additional Facility Rules, provided that either the respondent or the Party of the claimant is a party to the ICSID Convention; or

    (c) under the UNCITRAL Arbitration Rules.

## Arbitration before ICSID

16.    On January 13, 2009, TGH filed a Notice of Intent to Submit a Claim to Arbitration, in accordance with Articles 10.15 and 10.16 of the DR-CAFTA.  On October 20, 2010, TGH filed a Notice of Arbitration before ICSID.  The Notice provided that the claim was being submitted under the ICSID Convention and the ICSID Arbitration Rules, because both Guatemala and the United States are parties to the ICSID Convention, and TGH is a national of the United States and an "investor of a Party" as defined in the DR-CAFTA.

17.    TGH sought an award of damages in the amount of US $243,585,335 plus interest.  Out of this amount, US $21,100,552 corresponded to TGH's portion of the cash flow EEGSA lost from August 1, 2008, when the VAD took effect, until October 21, 2010, when TGH sold its ownership interest in EEGSA as a direct consequence of Guatemala's breach of the

DR-CAFTA (for ease of reference, "historical losses"), and US $222,484,783 corresponded to the damages suffered by TGH as a result of the impaired value at which TGH sold its ownership interest in EEGSA (for ease of reference, "loss of value").

18.      On December 19, 2013, the ICSID Arbitral Tribunal rendered the Award finding Guatemala liable, and granting TGH damages for its historical losses in the amount of US $21,100,552 plus interest on that amount at the US Prime rate plus two percent as from October 21, 2010 until the date of full payment, compounded annually, and a portion of TGH's costs.

19.      As of January 16, 2017, the awarded damages plus interest total US $29,116,553.

**The Decision on Annulment**

20.      On April 18, 2014, TGH filed an application for partial annulment of the Award, insofar as the Award denied TGH's claim for compensation for loss of value arising from the sale of TGH's ownership interest in EEGSA on October 21, 2010, interest on historical losses accruing in the period from August 1, 2009 until October 21, 2010, and TGH's claimed interest rate applicable to pre-award interest.   Also on April 18, 2014, Guatemala filed an application for annulment of the entire Award.  The applications were filed pursuant to Article 52 of the ICSID Convention and Rule 50 of the ICSID Arbitration Rules.

21.      On April 5, 2016, the ICSID *ad hoc* Committee rendered its decision on the Annulment.  As explained in the accompanying Menaker Declaration, the Committee denied in its entirety Guatemala's application for annulment of the Award and granted TGH's petition for partial annulment of the Award.  The Annulment Decision upheld the Arbitral Tribunal's decisions on jurisdiction, liability, and the award of damages to TGH for TGH's historical losses amounting to US $21,100,552, plus interest on that amount at the US Prime rate plus two percent

7

as from October 21, 2010 until the date of full payment, compounded annually.  The Annulment Decision partially annulled the Award insofar as the Award denied TGH's claims for compensation for losses arising from the sale of its ownership interest in EEGSA and interest for the period preceding the sale, as well as the Arbitral Tribunal's ruling on costs.  The Annulment Decision also dismissed the portion of TGH's request for partial annulment of the Award concerning the interest rate applicable to pre-award interest.

22.    As a result of the Annulment Decision, the unannulled portions of the Award, including the award to TGH of US $21,100,552 in damages, plus interest on that amount compounded annually at the US Prime rate plus two percent as from October 21, 2010 until the date of full payment, have become final and binding upon Guatemala.

23.    In its Decision on Annulment, the *ad hoc* Committee also ordered Guatemala to pay to TGH US $273,652.39 incurred by TGH in contesting Guatemala's application for annulment, and to reimburse TGH for half of its costs of ICSID's administrative fees and expenses concerning TGH's application for partial annulment (the latter amount becoming due and payable 60 days after ICSID transmits the Final Financial Statement to the Parties).  These additional damages amount to US $284,791.46, half of which is US $142,395.73.  More than 60 days have elapsed since ICSID transmitted the Final Financial Statement to the Parties on October 20, 2016, and thus the entire amount awarded to TGH in the Decision on Annulment, *i.e.*, US $416,048.12 (calculated as one half of US $284,791.46, *i.e.*, US $142,395.73, plus US $273,652.39), has become due and payable to TGH.  This amount is in addition to the above-referenced amounts awarded to TGH in the unannulled portions of the Award.

24.    As of the present date, Guatemala has failed to pay the amounts owed to TGH pursuant to the Final Award.  *See* Menaker Decl. ¶¶ 11-15.

## CLAIM FOR RELIEF

25.     The United States and Guatemala are contracting states parties to the ICSID Convention.  22 U.S.C. § 1650(a) provides that "[t]he pecuniary obligations imposed by [an award issued pursuant to the ICSID Convention] shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."

26.     Article 54 of the ICSID Convention provides that "[e]ach Contracting State shall recognize an award pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

27.     Accordingly, pursuant to 22 U.S.C. §1650a and Article 54 of the ICSID Convention, Petitioner requests that this Court confirm and recognize the Final Award. Petitioner also requests that this Court enter judgment in favor of Petitioner and against Guatemala in the amounts stated in the Award and the Annulment Decision.

28.     Specifically, as explained above, under the terms of the Award, Petitioner is entitled to damages in the amount of US $21,100,552, plus interest on that amount at the US Prime rate plus two percent as from October 21, 2010 until the date of full payment, compounded annually.  As of January 17, 2017, the awarded damages plus interest total US $29,116,553.

29.     In addition, as also explained above, under the terms of the Annulment Decision, Petitioner is entitled to reimbursement of US $142,395.73, representing half of its costs of ICSID's administrative expenses and fees related to its application for partial annulment of the Award, and to US $273,652.39 in costs incurred by Petitioner in contesting Guatemala's application for annulment.  These two amounts total US $416,048.12.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests an order:

A.      Confirming the Final Award pursuant to 28 U.S.C. § 1650a and Article 54 of the ICSID Convention.

B.      Entering judgment in favor of Petitioner and against Respondent in accordance with the Award, for US $21,100,552, plus interest on that amount at the US Prime rate plus two percent as from October 21, 2010 until the date of full payment, compounded annually.

C.      Entering judgment in favor of Petitioner and against Respondent in accordance with the Annulment Decision, for US $416,048.12, based upon the sum of (i) US $142,395.73 for Petitioner's costs of ICSID's administrative costs and fees, and (ii) US $273,652.39 in costs incurred by Petitioner in contesting Guatemala's application for annulment.

D.      Entering judgment in favor of Petitioner and against Respondent for post-judgment interest at the statutory rate.

E.      Granting such other and further relief as the Court deems just and proper.


Dated: January 16, 2017                          Respectfully submitted,

                                                 WHITE & CASE LLP


                                                 /s/ Francis A. Vasquez, Jr.
                                                 Francis A. Vasquez, Jr. (DC Bar No. 442161)
                                                 Nicolle Kownacki (DC Bar No. 1005627)
                                                 Alexaida Collet (DC Bar No. 1044243)
                                                 701 Thirteenth Street, NW
                                                 Washington, DC 20005
                                                 Telephone: (202) 626-3600
                                                 Facsimile: (202) 639-9355
                                                 *Counsel for Petitioner*
                                                 *TECO Guatemala Holdings, LLC*