# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TECO GUATEMALA HOLDINGS, LLC, | ) <br> ) <br> ) |
| *Petitioner*, | ) <br> ) |
| *v.* | )    Civil Action No. 1:17-cv-00102-RDM <br> ) |
| REPUBLIC OF GUATEMALA, | ) <br> ) |
| *Respondent*. | ) <br> ) |

### PETITIONER'S MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1610(c)

**WHITE & CASE LLP**

Nicolle Kownacki (D.C. Bar No. 1005627)
Andrea J. Menaker (D.C. Bar No. 986365)
Kristen M. Young (D.C. Bar No. 985069)
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
nkownacki@whitecase.com

*Counsel for Petitioner*
*TECO Guatemala Holdings, LLC*

Pursuant to the Foreign Sovereign Immunities Act (the "FSIA") at 28 U.S.C. § 1610(c), Petitioner TECO Guatemala Holdings, LLC ("TGH" or "TECO"), by and through its counsel White & Case LLP, respectfully moves the Court for an order ruling that (i) a "reasonable period of time" has elapsed since the entry of the Order and Final Judgment (the "Judgment") in favor of TGH dated November 4, 2019; and, accordingly, (ii) TGH may proceed with enforcement of the Judgment.  *See* 28 U.S.C. § 1610(c).  As detailed below, the Judgment was entered more than two months ago, a time period which has been confirmed by numerous U.S. federal courts to be a "reasonable" amount of time under § 1610(c).  *Id.*  Moreover, the notice requirement under § 1610(c) does not apply in this case, and, in any event, due to Guatemala's participation in the litigation, Guatemala has had notice of the Judgment since the Judgment was entered.  *Id.*  For the reasons further detailed below, this Court should grant TGH's motion.

Pursuant to Local Civil Rule 7(m), counsel for TGH has conferred with counsel for Guatemala to determine whether Guatemala would oppose the instant motion.  Counsel for Guatemala stated that it does not consent to the motion.

## BACKGROUND

On December 19, 2013, an arbitral tribunal constituted under the International Centre for Settlement of Investment Disputes ("ICSID") and the Dominican Republic-Central America Free Trade Agreement ("DR-CAFTA") rendered an award (the "Award") in favor of TGH.  The Award subsequently was modified in part by the decision on partial annulment rendered by the *ad hoc* committee in an annulment proceeding on April 5, 2016 (the "Annulment Decision," and, together with the Award, the "Final Award").  Petition ¶ 1, ECF No. 1.  The Final Award is governed by the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention") and the DR-CAFTA, to which the United

States is a party. Petition ¶ 7, ECF No. 1. The Annulment Decision annulled only portions of the Award, and thus, all non-annulled portions of the Award have become final and binding upon Guatemala – including the award to TGH of US $21,100,552 in historical loss damages, plus interest on that amount compounded annually at the U.S. Prime rate plus two percent as from October 21, 2010 until the date of full payment, as well as the award to TGH of US $416,048.12 in costs (to which the Court has applied the applicable U.S. statutory interest, and post-judgment interest on this amount at the statutory rate pursuant to 28 U.S.C. § 1961).

TGH filed its initial Petition to Confirm the Arbitral Award on January 16, 2017, and, over the course of the last three years, has pursued the confirmation of the non-annulled portions of the Award (*i.e.*, the Final Award) before this Court. *See* Petition, ECF No. 1. At every stage, however, Guatemala has prolonged the enforcement proceedings through a number of maneuvers designed to resist and delay confirmation of the Final Award, including by filing baseless motions to dismiss and for summary judgment. This Court rightfully was not persuaded by Guatemala's attempts to evade its Treaty obligations to TGH: on November 4, 2019, this Court granted TGH's Petition to confirm the Final Award, and ordered that Guatemala pay TGH damages pursuant to the Final Award plus interest, totaling US$ 35,036,448, in addition to costs awarded by the arbitral tribunal plus statutory interest pursuant to 28 U.S.C. § 1961, totaling US$ 425,789 as of the date of the Judgment.

In yet another attempt to prolong the dispute unnecessarily, on December 9, 2019, Guatemala noticed an appeal to the United States Court of Appeals for the District of Columbia. According to its Notice of Appeal, Guatemala now seeks review of this Court's (i) Opinion and Order denying Guatemala's Motion to Dismiss, (ii) Memorandum Opinion denying Guatemala's Motion for Summary Judgment, and (iii) Order and Final Judgment, which were issued on

September 30, 2018, October 1, 2019, and November 4, 2019, respectively. Notice of Appeal, *Teco Guatemala Holdings, LLC v. Republic of Guatemala*, No. 19-7153 (D.C. Cir. Dec. 9, 2019); *see also* ECF Nos. 34, 48, 50. Guatemala also seeks review of "any and all orders and rulings that were adverse to [it] and are merged within the November 4, 2019 Final Judgment," which, as clarified in its Statement of Issues, also includes the Court's denial of Guatemala's Motion for Discovery with respect to its defenses and Motion to Stay Enforcement of the Final Award. *Id.*; *see also* Statement of Issues, *Teco Guatemala Holdings, LLC v. Republic of Guatemala*, No. 19-7153 (D.C. Cir. Dec. 9, 2019).

## ARGUMENT

Section 1610(c) provides two conditions precedent for attachment or execution following an entry of judgment: first, the court must "order[] such attachment and execution after having determined that a reasonable period of time has elapsed following entry of judgment," and second, there must be a "giving of any notice required under section 1608(e) of this chapter." 28 U.S.C. § 1610(c). In determining whether a reasonable period has elapsed, courts take into account certain factors identified in the FSIA's legislative history, including: "the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and *evidence that the foreign state is attempting to evade payment of the judgment*." *Ned Chartering & Trading, Inc. v. Rep. of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (emphasis added). As detailed below, the circumstances of the present case – including the time elapsed since the Judgment and the evidence of Guatemala's attempts to evade payment to TGH – weigh heavily in favor of an order by this Court that TGH may proceed with enforcement of the Judgment. In addition, TGH was not obligated to make any notice to Guatemala.

*First*, this Court's Judgment was entered over two months ago, and federal courts – including this very Court – consistently find such a period of time to be reasonable for entry of an order under § 1610(c).  *See, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Rep. of Venezuela*, 2017 U.S. Dist. LEXIS 221611, at *2-4 (D.D.C. Jun. 9, 2017) (holding that two months was "a reasonable period of time"); *Gold Reserve Inc. v. Bolivarian Rep. of Venezuela*, No. 1:14-cv-2014 (D.D.C. Jan. 20, 2016) (finding that two months was reasonable); *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 270 (D.D.C. 2011) (holding that "a period of a few months . . . has been repeatedly found sufficient"); *Ned Chartering & Trading, Inc.*, 130 F. Supp. 2d at 67 (D.D.C. 2001) (six weeks found sufficient); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. H-01-0634, 2002 U.S. Dist. LEXIS 3976, at *2 (S.D. Tex. Jan. 25, 2002) (50 days found sufficient); *Gadsby & Hannah v. Socialist Rep. of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (two months found sufficient).

In light of the two months that have elapsed since the issuance of this Court's Judgment (in addition to the nearly *four years* since the Award and the Annulment Decision were final), Guatemala has had more than a sufficient amount of time either to make arrangements for the payment of the Final Award, or otherwise, to make a representation to this Court that it intends to do so.  It has done neither.  *See Karaha Bodas*, Civil Action No. H-01-0634, 2002 U.S. Dist. LEXIS 3976, at *6 (refusing to delay an order pursuant to 28 U.S.C. § 1610(c) beyond 50 days following confirmation of an arbitral award, where "there was no evidence that [the foreign sovereign entity] made arrangements even to attempt to satisfy the judgment in the event it became necessary to do so . . . nor has [it] suggested an alternative time frame for execution that it would consider reasonable under the FSIA").  Rather, by filing an appeal before the D.C. Circuit and making no representation of any attempt to pay, Guatemala has made clear that it has

no intention to make payment under the Judgment; indeed, it seems clear that Guatemala will not satisfy the Judgment absent express compulsion. Given the "evidence that [Guatemala] is attempting to evade" payment of the Judgment (*see Ned Chartering*, 130 F. Supp. 2d at 67), an order from this Court affirming that a reasonable period of time has passed and that TGH may seek to attach Guatemala's assets in aid of execution is thus critical to the effectuation of the Judgment. ECF No. 50.

*Second*, § 1610(c)'s other requirement – that any "notice required under section 1608(e) of this chapter" be given – does not apply here. Section 1608(e) requires that a party provide formal notice of the entry of any default judgment against a foreign state, which the Judgment here is not. *See* 28 U.S.C. § 1608(e) (requiring that "[a] copy of any such default judgment shall be sent to the foreign state . . . in the manner prescribed for service in this section"). The FSIA contains no other specific service or notice requirements with respect to the Judgment. In any event, the fact that Guatemala has noticed an appeal before the D.C. Circuit confirms that Guatemala had notice of the Judgment: Guatemala was "given an opportunity to evaluate and respond to any court judgment entered against it" (*Agudas*, 798 F. Supp. 2d at 271) – and it has done so by appealing the Judgment.

To be clear, the relief that TGH seeks with the instant motion is solely procedural, and is necessitated by the FSIA's requirement that a foreign sovereign judgment debtor receive sufficient notice of a judgment entered against it before attachment and execution proceedings may begin. Any objections that Guatemala may assert with respect to the attachment and execution of specific property should be dealt with outside the context of this procedural motion. *See, e.g.*, *BCB Holdings Ltd. v. Gov't of Belize*, No. 14-1123 (CKK), 2017 U.S. Dist. LEXIS 17070, at *15 (D.D.C. Feb. 6, 2017) (granting § 1610(c) motion and ordering that "[p]etitioners

are authorized to seek to enforce their judgment via attachment or execution . . . in the appropriate jurisdiction," while clarifying that the court "does not make any determination as to the propriety of attachment or execution of any particular property"); *Agudas*, 798 F. Supp. 2d at 270 ("A 1610(c) order . . . does not authorize the attachment or execution of particular property – or any property at all."). Accordingly, the Court's prompt issuance of a § 1610(c) order will simply permit TGH to satisfy a procedural requirement before proceeding with steps necessary to attach and execute Guatemala's assets pursuant to the Judgment.

## CONCLUSION

For the foregoing reasons, TGH respectfully requests that the Court enter an order ruling that a "reasonable period of time" under 28 U.S.C. § 1610(c) has elapsed following the entry and notice of the Judgment, and that TGH may pursue all applicable methods of attachment and execution pursuant to the Judgment.

Dated: January 15, 2020  
Washington, DC

Respectfully submitted,

**WHITE & CASE** LLP

/s/ Nicolle Kownacki  
Nicolle Kownacki (D.C. Bar No. 1005627)  
Andrea J. Menaker (D.C. Bar No. 986365)  
Kristen M. Young (D.C. Bar No. 985069)  
701 Thirteenth Street, NW  
Washington, DC 20005  
Telephone: (202) 626-3600  
Facsimile: (202) 639-9355  
nkownacki@whitecase.com

*Counsel for Petitioner*  
*TECO Guatemala Holdings, LLC*