UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TECO GUATEMALA HOLDINGS, LLC,

*Petitioner*,

v.

REPUBLIC OF GUATEMALA,

*Respondent*.

Civil Action No. 17-102 (RDM)

### MEMORANDUM OPINION

Under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C.S. §§ 1330, 1602 *et seq.*, a party seeking to execute or attach upon "any property in the United States" of a foreign sovereign, may do so only if it has obtained an order pursuant to 28 U.S.C. § 1610(c). *See Kapar v. Islamic Republic of Iran*, 105 F. Supp. 3d 99, 108 (D.D.C. 2015). This requirement is "designed to ensure that a foreign power is . . . given an opportunity to evaluate and respond to any court judgment entered against it which could subject its property and interests in the United States to attachment or execution." *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 271 (D.D.C. 2011). Accordingly, before a court can issue a § 1610(c) order, it must "determine 'that a reasonable period of time has elapsed following the entry of judgment' and that 'any notice required under section 1608(e)' has been given." *Kapar*, 105 F. Supp. 3d at 108 (quoting § 1610(c)).

Petitioner, TECO Guatemala Holdings, LLC, commenced this action on January 16, 2017, seeking to confirm and recognize an arbitral award and the entry of judgment against the Republic of Guatemala ("Guatemala" or "the Republic") in the amounts stated in that award. Dkt. 1. On October 1, 2019, after two rounds of dispositive motions practice, the Court granted

Petitioner's motion for summary judgment, Dkt. 48, and, on November 4, 2019, the Court entered final judgment against the Republic, Dkt. 50.

On January 15, 2020, two months after the Court entered judgment, Petitioner moved for an order finding that a "reasonable period of time" had "elapsed since entry and notice of the November 4, 2019 Order and Final Judgment in this case." Dkt. 53-1 at 1 (citing Dkt. 50).[1] Guatemala opposed the motion, arguing that Petitioner had "not satisfied the factors set out in *Ned Chartering & Trading Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64 (D.D.C. 2001)." Dkt. 61 at 1. On March 6, 2020, the Court rejected Guatemala's argument, explaining that the Republic had "offered no explanation why the four months that ha[d] [then-]passed since the Court entered judgment [was] insufficient." *Id.* Out of an abundance of caution, and in deference to the Republic's status as a sovereign, however, the Court provided Guatemala until April 14, 2020 to arrange for the payment of the judgment, and directed that the parties file a joint status report on or before that date, indicating "whether there [was] any reason that the Court should refrain from ordering that attachment or execution may proceed as contemplated by 28 U.S.C. § 1610." *Id.* at 1–2. Upon motion by the Republic, the Court later extended that deadline another month in light of the difficulties presented by the COVID-19 pandemic. *See* Minute Order (Apr. 8, 2020).

---

[1] Petitioner is not, at this time, seeking to attach or to execute on specific property but, rather, is seeking only an order finding that the requirements of § 1610(c) have generally been satisfied. *See* Dkt. 53-1 (Proposed Order). The purpose of such an order is "to establish that . . . the [statutory] prerequisites [have been] satisfied so that [Petitioner] may pursue specific attachments without worry over any lingering § 1610(c) requirements." *Agudas Chasidei Chabad of U.S.*, 798 F. Supp. 2d at 271. Guatemala does not challenge that petitioners may seek such an order, nor does Guatemala dispute that the § 1610(c)'s notice requirement is inapplicable because this is not a case in which the Court entered a default judgment. *See* Dkt. 53 at 2 (citing 28 U.S.C. § 1608(e) and arguing that the notice requirement is inapplicable here). The only question, therefore, is whether a reasonable period of time has elapsed within the meaning of § 1610(c).

On May 14, 2020—over six months after the Court entered final judgment—Petitioner renewed its request and Guatemala again requested that the Court refrain from granting Petitioner's motion, arguing that (1) "the Court [should] wait . . . until the D.C. Circuit" resolved its then-pending motion for a stay pending appeal, and (2) more time was needed for counsel to consult with the relevant stakeholders and government officials.  Dkt. 65 at 5–7.  Neither of these contentions is currently persuasive.  First, the D.C. Circuit has now denied Guatemala's motion, rendering that argument moot.  *See* Dkt. 66 (citing Order, May 21, 2020, *Teco Guatemala Holdings, LLC v. Republic of Guatemala*, Case No. 19-7153).  Second, although counsel for the Republic seizes on the ongoing COVID-19 pandemic as a reason why it is now difficult for it "to make proper consultations with the relevant decision makers in Guatemala," Dkt. 65 at 6, counsel has yet to offer any good reason why the Republic took no action in the several months that passed after the Court entered final judgment and before the pandemic began.  Indeed, counsel has cited no case in which a period of two months was found to be insufficient to satisfy the U.S.C.§ 1610(c)'s "reasonable period of time" requirement, and the Court is unaware of any such precedent.  *Cf.* Dkt. 53 at 5 (collecting cases in which Courts have found periods of two months or less to be a "reasonable period of time").  To the contrary, the sweep of the case law supports Petitioner's contention that even a few months is sufficient to satisfy 1610(c)'s "reasonable period of time" requirement, especially when the defendant has offered no evidence that it is making efforts to satisfy the judgment.  *See Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) ("In the absence of any evidence that defendants are making efforts to pay the[] judgment[] voluntarily, . . . "the Court is inclined to find three months a sufficient pause"); *Ned Chartering*, 130 F. Supp. at 67 (finding that six weeks satisfied § 1610(c) because that period was "sufficient for most governments to pass the minor legislation necessary to

appropriate funds, and to organize and transfer the appropriate assets" and because "there [wa]s no evidence that the defendant ha[d] taken any steps towards the payment of its debt"); *see also Agudas Chasidei Chabad of U.S*, 798 F. Supp. 2d at 271 (noting that, by comparison, under the FSIA, a sovereign is given only 60 days to "respond to service of a complaint and summons").

Finally, as Petitioner notes, counsel for the Republic has had little difficulty filing a number of pleadings and motions in this Court and in the D.C. Circuit, and those filings presumably required coordination with its client.  *See* Dkt. 65 at 4.  Even if the arrangement of payment requires more coordination than preparing and filing pleadings, as counsel for the Republic suggests, *id.* at 6, that does not explain why counsel has not made any evident progress on this issue in the three months that have passed since the Court granted Guatemala additional time to respond to the judgment, *see* Dkt. 61 (Order dated March 6, 2020).

The Court finds that (more than) a reasonable period of time has passed within the meaning of 28 U.S.C. § 1610(c) and will, accordingly, **GRANT** Petitioner's motion for issuance of an order pursuant to § 1610(c).

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  June 2, 2020